CENTURY WOOD PRESERVING CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 5162.

Circuit Court of Appeals, Third Circuit.

March 14, 1934.

John E. McClure, of Washington, D. C. (Maud E. White and Miller & Chevalier, all of Washington, D. C., of counsel), for appellant.

Pat Malloy, Asst. Atty. Gen., J. Louis Monarch and Norman D. Keller, Sp. Assts. to the Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and I. Graff, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This petition is concerned with the income tax liability of the Century Wood Preserving Company, the petitioner, for certain of its affiliates during a period of the year 1930. Prior to 1930, these affiliated companies had obtained policies of insurance on the lives of some of its officers. During the taxable period involved, these officers discontinued their connection with the affiliates and purchased the insurance policies from the corporations at the cash surrender value of the policies, or a total of $57,646.57. From 1919 to 1930, the corporations paid premiums on the policies in the sum of $98,242 and received dividends thereon in the sum of $14,089.91.

The petitioner contends that its affiliates are entitled to deduct from their gross income as losses the difference between the selling price of the policies and the amount of premiums previously paid by the companies. The Commissioner of Internal Revenue refused to allow such a deduction and the Board of Tax Appeals sustained his determination. The taxpayer petitions this court to review the order of redetermination.

The petitioner relies on the cases of Forbes Lithograph Manufacturing Company v. White (D. C.) 42 F.(2d) 287, and Lucas v. Alexander, 279 U. S. 573, 49 S. Ct. 426, 73 L. Ed. 851, 61 A. L. R. 906, to establish its contention. In the Forbes Case, the District Court for the District of Massachusetts held, on the authority of Lucas v. Alexander, that on the surrender of insurance policies on the lives of its officers, a corporation could deduct as a loss the difference between their surrender value and the amount of premiums paid. In the Lucas Case, on which the District Court relies, the Supreme Court determined the value of certain endowment policies on March 1, 1913. The premiums on these pol-

icies had been paid up and the insured elected to surrender the policies for their face value plus the dividends that had accumulated on the policies. The Supreme Court refused to accept the contention of the government that the value of the policies did not exceed their loan or surrender value, but held that their value on March 1, 1913, was the amount of reserved liability and dividend accumulations provisionally apportioned to the policies on the books of the insurance company.

The case of Forbes Lithograph Company v. White, supra, is contrary to the decision of the Board of Tax Appeals in Standard Brewing Company, 6 B. T. A. 980. In the later decision of Keystone Consolidated Publishing Company, 26 B. T. A. 1210, the Board refused to follow the Forbes Company Case because the principle on which the court relied could not be found in Lucas v. Alexander, supra.

We agree with the Board. The policies of insurance involved here have a double aspect. They provide the present protection of ordinary life insurance and also a means of investment. If the petitioner is entitled to a deduction from gross income, it is because its affiliates have sustained a loss, the basis of determining which is the cost of the property. Revenue Act of 1928, § 113, 45 Stat. 791, 818 (26 USCA § 2113).

The cost of an asset is the real question here. It is obvious that cost is not the total amount paid in as premiums, since continuing insurance protection is part of the consideration for the contract. The part of the premiums which represents annual insurance protection has been earned and used. The other part of the premium is an investment built up as a reserve until the policy is matured or surrendered. If it is surrendered, the holder is entitled to the cash surrender value from the insurer, or, roughly, the return of the equivalent of his investment after the cost of annual protection is deducted from the premiums.

The petitioner in this case made no effort to show the reserve carried by the insurer on these policies. But cost is approximately reflected by the cash surrender value of the policies. This was the value that the petitioner's affiliates received by selling the policies to their retiring officers, and consequently there were no gains nor losses resulting from the transactions.

The petition is denied, and the order of redetermination is affirmed.